**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07-71768 |
| | ) | Chapter 11 |
| | ) | |
| ROCKFORD PRODUCTS CORP., *et al.*[1], | ) | Hon. Manuel Barbosa |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Adv. Pro. No. |
| | ) | |
| _____ | ) | |
| | ) | |
| DANIEL DONAHUE, in his capacity as | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PERSHING LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT TO RECOVER PREFERENTIAL
TRANSFERS IN ACCORDANCE WITH 11 U.S.C. §§ 547 AND 550**

Plaintiff, Daniel Donahue, in his capacity as Chapter 7 Trustee (the "Trustee"), hereby files this complaint to recover preferential transfers from Pershing LLC, defendant herein ("Defendant"), in accordance with 11 U.S.C. §§ 547 and 550 of the Bankruptcy Code and in support hereof, respectfully states as follows:

**BACKGROUND**

1.      On July 25, 2007 ("Petition Date"), Rockford Products Corporation and Rockford Products Global Services, Inc., debtors herein (the "Debtors"), filed voluntary petitions for reorganization relief under Chapter 11 of the Bankruptcy Code.

_____

[1]      The Debtors consist of: Rockford Products Corporation and Rockford Products Global Services, Inc.

2.    The Debtors continued to operate their businesses and manage their financial affairs as a debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.    On December 17, 2007, the Chapter 11 Cases were converted to Chapter 7 of the Bankruptcy Code (the "Conversion").

4.    Pursuant to the Conversion, on January 28, 2008, Daniel Donahue was appointed the Chapter 7 Trustee and continues to act in that capacity.

5.    Greenberg Traurig, LLP ("GT") was employed as litigation counsel to the Trustee to assist with pursuit and recovery of preferential transfers.  Receivable Management Services Corporation ("RMS") was employed as a special litigation consultant to the Trustee to assist with pursuit and recovery of preferential transfers.

6.    The Trustee is authorized to pursue any and all avoidance actions, including, without limitation, those actions existing under 11 U.S.C. §§ 547 and 550.

**JURISDICTION AND VENUE**

7.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

8.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F).

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**COUNT I**

**Recovery of Preferential Transfers –11 U.S.C. § 547(b)**

10.    Defendant is a creditor of the Debtor.

11.    During the 90-day period immediately preceding the Petition Date, the Debtor(s) made payments totaling $7,960.17, after accounting for the new value defense, to Defendant (collectively, the "Payments").

*CHI 57,837,368v1 3-17-09*

12.    The Payments were transfers of an interest of the Debtor(s) in property to or for the benefit of Defendant.

13.    The Payments were for or on account of an antecedent debt owed by the Debtor(s) to Defendant before such transfers were made.

14.    The Payments were made to Defendant while the Debtor(s) were insolvent.

15.    The Payments were made to Defendant on or within 90 days before the Petition Date.

16.    The Payments enabled Defendant to receive more than Defendant would have received if (a) the case were a case under Chapter 7 of the Bankruptcy Code, (b) the transfers had not been made, and (c) Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

17.    The Trustee has made a demand upon Defendant for return of the Payments, but Defendant has not complied with such demand.

## COUNT II

### Recovery of Potential Transfers – 11 U.S.C. § 550

18.    Plaintiff restates and realleges, as though fully set forth herein, the averments of Paragraphs 1 through 17 of this Complaint.

19.    Defendant was either (i) the initial transferee of the Payments or the entity for whose benefit the Payments were made or (ii) an immediate or mediate transferee of an initial transferee.

20.    The Payments, to the extent that they are avoided pursuant to 11 U.S.C. § 547, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550.

CHI 57,837,368v1 3-17-09

WHEREFORE, Daniel Donahue, Chapter 7 Trustee, hereby seeks entry of a judgment against Defendant (a) requiring the immediate return of $7,960.17 in accordance with 11 U.S.C. §§ 547(b) and 550; (b) requiring payment of any and all attorneys' fees and expenses and any costs; and (c) granting such other and further relief deemed necessary under the circumstances.

Dated: March 19, 2009

Daniel Donahue,
CHAPTER 7 TRUSTEE


By:  /s/ Daniel M. Donahue
      Daniel M. Donahue, Chapter 7 Trustee

Daniel M. Donahue
McGreevy Williams, P.C.
6735 Vistagreen Way
P.O. Box 2903
Rockford, IL 61132-2903
Phone: 815-639-3700
Fax: 815-639-9400

Nancy A. Peterman
Collin B. Williams
Greenberg Traurig
77 W. Wacker Dr., Suite 3100
Chicago, IL 60601
Phone: 312-456-8400
Fax: 312-456-8435

CHI 57,837,368v1 3-17-09